IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA


SANTIAGO NOLTE FUNG,                                    )
JEANNE THUY VU,                                         )
*Plaintiffs*,                                           )
                                                        ) Case No.:
          v.                                            )
                                                        )
ALEJANDRO MAYORKAS,                                     )
Secretary, Department of Homeland Security;             )
                                                        ) Agency No.: LIN2290162127
                                                        )
DENISE FRAZIER,                                         )
District Director,                                      )
U.S. Citizenship and Immigration Services;             )
                                                        )
UR M. JADDOU,                                           )
Director, U.S. Citizenship and Immigration Services;   )
                                                        )
JENNIFER B. HIGGINS,                                    )
Deputy Director,                                        )
U.S. Citizenship and Immigration Services;             )
                                                        )
CONNIE NOLAN,                                           )
Associate Director,                                     )
Service Center Operations Directorate,                 )
U.S. Citizenship and Immigration Services              )
                                                        )
LOREN K. MILLER,                                        )
Director, Nebraska Service Center                      )
U.S. Citizenship and Immigration Services;             )
                                                        )
MERRICK B. GARLAND,                                     )
U.S. Attorney General, Department of Justice;          )
                                                        )
CHRISTOPHER WRAY,                                       )
Director, Federal Bureau of Investigation;             )
                                                        )
EUREKA ARTIES,                                          )
Field Office Director, New Orleans Field Office,       )
U.S. Immigration and Customs Enforcement;              )
*Defendants*                                            )

**COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF**

NOW COME the Plaintiffs, SANTIAGO NOLTE FUNG and JEANNE THUY VU, through the undersigned, who complain as follows:

## I.    INTRODUCTION AND BACKGROUND

1.  This action is brought to compel action on a pending I-601, Application for Waiver of Grounds of Inadmissibility ("Waiver Application") properly filed with the United States Citizenship and Immigration Services ("USCIS") by Plaintiffs over a year ago. To the Plaintiffs' detriment, Defendants have improperly withheld action on the Waiver Application for an unreasonable period of time.

2.  Plaintiff, Jeanne Thuy Vu ("Ms. Vu"), is a United States citizen who lives in New Orleans, Louisiana. After Ms. Vu became engaged to her fiancé, Plaintiff Santiago Nolte Fung ("Mr. Nolte") on September 4, 2020, she filed a USCIS Form I-129F, Petition for Fiancé, on behalf of him, and it was approved on September 5, 2021. When Mr. Nolte appeared for the interview to obtain his K-1 visa ("fiancé visa"), the consular officer determined that because he worked while on an ESTA visa in the United States, he was inadmissible and needed a waiver in order to be eligible for a fiancé visa. Mr. Nolte subsequently filed a USCIS Form I-601, Application for Waiver of Grounds of Inadmissibility (a "Waiver Application"), on March 14, 2022, to excuse his inadmissibility into the United States so that he can obtain a fiancé visa from his home country of Peru and come to the United States to marry his fiancée. On March 16, 2022, Plaintiffs received a receipt notice from USCIS for the Waiver Application (*see* Attached Exhibit 1), and over a year later, this application is still pending at the USCIS Nebraska Service Center in Lincoln, Nebraska.

3. On April 19, 2022, Plaintiffs, through undersigned counsel, submitted a written inquiry to USCIS requesting an expedition of the adjudication process due to Ms. Vu's medical hardships. Plaintiffs attached evidence of these medical hardships, which include anxiety, trauma, and depression, and which were further exacerbated by a serious car accident that Plaintiffs were in in November of 2021. Ms. Vu suffered a back injury that has required spinal surgery and extensive physical therapy, and she will require more physical therapy and medical treatment in the future. It has been very difficult for Ms. Vu to visit Mr. Nolte due to her injury – she has only been able to visit Peru once since the car accident. Further, since Mr. Nolte cannot come to the United States until his Waiver Application is adjudicated, he has been unable to take care of her during her recovery process. Plaintiffs also submitted documentation of the medical hardships of Ms. Vu's mother, who is currently Ms. Vu's primary caregiver, with their expedition request (*see* Attached Exhibit 2). Five months later, on September 20, 2022, Plaintiffs received a letter from USCIS asking that Plaintiffs either submit an inquiry via calling the USCIS Contact Center or submit an E-request online (*see* Attached Exhibit 3).

4. Plaintiffs have been unable to submit case inquiries via USCIS's website for the past year because the case was considered to be "within normal processing times". The last attempt Plaintiffs made to file an inquiry with USCIS was on March 10, 2023, and the response was the same: "Your application or petition is currently within the posted processing times. An inquiry may not be created at this time."

5. When Plaintiffs filed this I-601 Application, the processing time listed on the USCIS website was 11 months. This waiver has been pending for almost 13 months. Now, the processing times for I-601 Waivers are around twenty-five and a half months. This

lengthy processing time is completely unreasonable. Mr. Nolte has paid attorney's fees, a $930 filing fee to USCIS, and has provided all of the documentation that he was required to provide. On March 16, 2023, he retained undersigned counsel to file this lawsuit, which has required him to pay even more fees to compel USCIS to adjudicate his petition.

6.    Mr. Nolte is seeking to obtain a fiancé visa to join Ms. Vu here and marry her once USCIS adjudicates the I-601 Waiver Application. Over one year after filing, the Defendants have taken no action on the Plaintiffs' case.

## II.    PARTIES

7.    Plaintiff Jeanne Thuy Vu is a United States citizen who lives in New Orleans, Louisiana. Ms. Vu filed a USCIS Form I-129F, Petition for Fiancé, on behalf of her fiancé that was approved on September 5, 2021, and paved the way for him to attend his interview to obtain a K-1 visa ("fiancé visa") in Peru.

8.    Plaintiff Santiago Nolte Fung is a citizen of Peru and currently resides in Lurin, Peru. At his K-1 visa interview, Mr. Nolte was told that he needed a waiver of inadmissibility to be eligible for a fiancé visa. In compliance with this requirement, Mr. Nolte filed the USCIS Form I-601 Waiver Application at issue here on March 14, 2022, to excuse his inadmissibility into the United States. Once USCIS adjudicates Mr. Nolte's Waiver Application, his plan is to obtain a fiancé visa from his home country of Peru and come to the United States to marry his fiancée, Ms. Vu.

9.    Defendant Alejandro Mayorkas ("Mayorkas") is sued in his official capacity only as the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). In

this capacity, as the Secretary of DHS, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 2.1.

10. Defendant Denise Frazier ("Frazier") is sued in her official capacity only as the District Director of the USCIS District that encompasses New Orleans, Louisiana. The New Orleans Field Office, which is under Defendant's direction, is charged with the administration of the Immigration and Nationality Act and the adjudication of forms filed by people living in the New Orleans District. In her capacity as the District Director, Defendant Frazier has responsibility for the administration of the immigration laws.

11. Defendant Ur M. Jaddou ("Jaddou") is sued in his official capacity only as the Director of USCIS. USCIS is the component of the DHS that is responsible for adjudicating Plaintiff's Waiver Application. In his capacity as the Director of the USCIS, Defendant Jaddou has the responsibility for the administration of the immigration laws.

12. Defendant Jennifer B. Higgins ("Higgins") is sued in her official capacity only as the Deputy Director of USCIS. USCIS is the component of the DHS that is responsible for adjudicating Plaintiff's Waiver Application. In her capacity as the Deputy Director of the USCIS, Defendant Higgins has the responsibility for the administration of the immigration laws.

13. Defendant Connie Nolan ("Nolan") is sued in her official capacity only as the Associate Director of the Service Center Operations Directorate ("SCOPS") at USCIS. In her capacity as the Associate Director of SCOPS at USCIS, Defendant Nolan is responsible for the administration of the immigration laws at USCIS' six service centers around the country, including the Nebraska Service Center where Plaintiff's Waiver Application is pending.

5

14. Defendant Loren K. Miller ("Miller") is sued in her official capacity only as the Director of the Nebraska Service Center of USCIS. In her capacity as the Director of the Nebraska Service Center at USCIS, Defendant Miller is responsible for the administration of the immigration laws and the adjudication of immigration applications pending at the Nebraska Service Center.

15. Defendant Merrick B. Garland ("Garland") is sued in his official capacity only as the U.S. Attorney General of the United States and chief officer of the United States Department of Justice (hereinafter "DOJ"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

16. Defendant Christopher Wray ("Wray"), the Director of the U.S. Federal Bureau of Investigation, is being sued in his official capacity only. Wray is charged with supervisory authority over all immigrant visa background/name checks in connection with immigrant visa applications.

17. Defendant Eureka Arties ("Arties") is sued in her official capacity only as the Field Office Director at the New Orleans Field Office of the USCIS. The New Orleans Field Office, which is under Defendant Arties' direction, is charged with the administration of the Immigration and Nationality Act and the adjudication of immigration applications filed by people living in the New Orleans District. In her capacity as the Field Office Director, Arties has responsibility for the administration of the immigration laws.

### III.    JURISDICTION AND VENUE

18. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. § 1331; 28 U.S.C. § 1361. This Court also

has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and 5 U.S.C. §§ 555(b) and 706(1), the Administrative Procedure Act ("APA").

19.    This action is brought to compel the Defendants, officers and agents of the United States, to perform the duties arising under the laws of the United States.

20.    This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

21.    This action is brought due to the failure of the Defendants to perform their duty to adjudicate the Plaintiff's Application for Waiver of Grounds of Inadmissibility within a reasonable amount of time. Failure to adjudicate said Waiver Application has resulted in harm to the Plaintiffs.

22.    Venue lies in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(e), because Plaintiff Ms. Vu resides in the Eastern District of Louisiana and no real property is involved in this action.

## IV.    STATEMENT OF FACTS

23.    Mr. Nolte, a citizen of Peru who has been engaged to Ms. Vu since September 4, 2020, filed a Form I-601 Application for Waiver of Grounds of Inadmissibility with USCIS that has been pending for over 12 months.

24.    Although Mr. Nolte properly filed the Form I-601 Application for Waiver of Grounds of Inadmissibility with USCIS with the required filing fee and evidence, Defendants have not yet adjudicated his Waiver Application or provided him with updates on it.

25.    The submitted Waiver Application has not been adjudicated since being received on March 16, 2022, despite numerous attempts at contact with USCIS.

26. Defendants' failure to adjudicate Plaintiff Mr. Nolte's Waiver Application is unconscionable, has no basis, and has caused great anguish for Plaintiffs. Mr. Nolte has an urgent need to travel back to the United States to provide care to his fiancée who is mobility impaired and is suffering from medical conditions, and he has been unable to do so for over a year due to the Defendants' inaction. Plaintiff's Waiver Application has been pending for longer than the processing time that was listed on USCIS's website at the time Plaintiffs filed, and there has been no progress towards adjudicating this application. This prolonged delay has prevented Mr. Nolte from obtaining a visa to be able to travel to the United States to see and care for his fiancée for an unreasonable amount of time. Plaintiffs' future plans and lives have been on hold for over a year due to USCIS's unreasonable delay in adjudicating Mr. Nolte's Waiver Application.

27. Plaintiffs have exhausted all administrative remedies. Plaintiffs, through their attorney, made an expedition request supported by evidence and attempted to file several case inquiries concerning the status of the Waiver Application, and Defendants have failed to even allow them to submit an inquiry, much less properly respond.

28. Plaintiffs have not received correspondence from Defendants regarding adjudication of their Waiver Application properly filed with USCIS besides one letter asking Plaintiffs to submit an inquiry, which the USCIS website would then not let them submit.

29. Plaintiffs' Waiver Application was properly filed and, to Plaintiffs' knowledge, remains pending with USCIS.

**V.    STATEMENT OF LAW**

30. The Mandamus Act, 28 U.S.C. § 1361 authorizes this Court to order a remedy when Plaintiff demonstrates that (1) Plaintiff has a clear right to the relief requested; (2)

8

Defendants have a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020). Mr. Nolte has a clear right to have his Form I-601 adjudicated by Defendants under the Immigration and Nationality Act and U.S. Constitution; Defendants have a clear duty to adjudicate Plaintiff's Waiver Application under the Immigration and Nationality Act and U.S. Constitution; and there is no other adequate remedy available to Plaintiffs.

31.    Defendants' failure to adjudicate and approve Plaintiff's I-601 Waiver Application constitutes an unreasonable failure to act in violation of the Administrative Procedure Act and denies Plaintiffs due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution. This Court has the authority to compel Defendants to adjudicate Plaintiff's Waiver Application because Defendants have failed to adjudicate Plaintiff's Waiver Application within a reasonable amount of time. Although USCIS's listed processing times do not dictate whether the wait time for an adjudication of an application is unreasonable, Plaintiffs note that at the time of filing, the processing time listed on Defendants' website was eleven months, and this Waiver Application has now been pending for almost thirteen months. Regardless of what USCIS's website says, a wait time of over a year for a properly filed petition that USCIS is required by law under the Immigration and Nationality Act to adjudicate is clearly unreasonable.

## **PRAYER**

WHEREFORE, Plaintiffs Ms. Vu and Mr. Nolte pray that this Court grant them the following relief:

A.  Assume jurisdiction over the case;

9

B.  Order Defendants to adjudicate Mr. Nolte's I-601 Application for Waiver of Grounds of

Inadmissibility within 60 days;

C.  Award Plaintiffs reasonable attorney's fees pursuant to the Equal Access to Justice Act,

28 U.S.C. § 2412, for failure of Defendants to perform their duties within the statutory

time period; and

D.  Such other relief at law and in equity as justice may so require.

Respectfully submitted,

*/s/ Paul H. Scott*
Paul H. Scott
The Scott Law Firm, LLC
10636 Linkwood Court
Baton Rouge, Louisiana 70810
Phone: 225-256-4383
Fax:    888-601-0123
Email: paul@pwscottlaw.com
LSBA# 31961

10

CERTIFICATE OF SERVICE

I hereby certify that the above **COMPLAINT FOR WRIT OF MANDAMUS**

was this day electronically filed with the Clerk of Court using the Court's CM/ECF system.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by

this date depositing same in the United States Mail, first class postage prepaid and properly

addressed.

Baton Rouge, Louisiana this 4th day of April, 2023

/s/ Paul H. Scott

_____

Paul H. Scott